```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

EDWIN NUNEZ,

                                  Plaintiff,

       -against-

THE CITY OF NEW YORK, ET AL.,

                                Defendants.

------------------------------------------------------------ X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

22-CV-9428 (CM)

      **WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants City of New York, Vincent Schiraldi, Kenneth Stukes, Jean-Claude LeBec, Patricia Feeney, Ada Pressley, Nadene Pinnock, Sharlisa Walker, Solomon Chester, and Nicholas Flagg (hereinafter "City Defendants") intend to disclose certain documents and information to plaintiff;

      **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiff may seek certain documents and information from City Defendants pursuant to plaintiff's discovery demands in this action;

      **WHEREAS**, City Defendants deems and/or may deem some of this information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges;

      **WHEREAS**, City Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **WHEREAS**, City Defendants deem this information and these documents confidential, private, not accessible to the public, when disclosed it is usually subject to a

1

protective order, and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and City Defendants that documents and information shall be produced in accordance with the terms set forth below:

1. "This Action" shall mean *Edwin Nunez v. City of New York, et. al.*, 22-CV-9428 (CM), filed in the Southern District of New York.

2. As used herein, "Confidential Material" shall mean:

(A) New York City Department of Corrections ("DOC") employment/personnel related records;

(B) Disciplinary histories and/or other related records and information from any governmental agency;

(C) Investigatory records regarding the conduct of DOC members conducted by any governmental agency, including DOC;

(D) Any personal identifying information of non-parties, including but not limited to names, addresses, phone numbers, to the extent exchanged during discovery. For any party or non-party, any social security numbers, financial account numbers, passwords, or other information that may be used for identity theft, to the extent exchanged during discovery;

(E) Any video taken with DOC-issued cameras or by a DOC member;

(F) Any electronically stored material with any personal identifying information of non-parties;

(G) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by City Defendants or the Court.

3. The documents and information defined in paragraph 2 shall not be Confidential Material only to the extent, that they are: (a) lawfully obtained by plaintiff from sources other than City Defendants, or (b) are otherwise publicly available.

4. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

5. Nothing in this Confidentiality Stipulation and Protective Order shall limit City Defendants' right to redact personal, confidential, or privileged information before producing any document to plaintiff.

6. Any documents provided by a third party in this Action, by request or pursuant to a subpoena, and that are designated as Confidential Material by City Defendants shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

7. City Defendants shall have a reasonable time to inspect and designate as Confidential Material documents sought from third parties.

8. City Defendants shall designate documents Confidential Material by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's attorney.

9. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. City Defendants reserve the right to designate any document confidential pursuant to this

Confidentiality Stipulation and Protective Order if necessary after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

10. Inadvertent, unintentional production of any document or information which is privileged, confidential, was prepared in anticipation of litigation, or that is subject to *in camera* review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of City Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. Plaintiff shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

11. To the extent documents or information that is otherwise privileged is intentionally produced, such privileged documents or information shall be designated as Confidential Material.

12. If plaintiff, plaintiff's attorneys or anyone on plaintiff's behalf make public representations, the substance of which concerns, or is contained in, the Confidential Material, City Defendants' attorneys may move the Court, on an expedited basis, for relief.

13. Plaintiff's attorney shall not use the Confidential Material for any purpose other than for the preparation, evaluation, settlement or presentation of plaintiff's case in this Action.

14. If plaintiff objects to the designation of any particular document or information as Confidential Material, plaintiff shall state such objection in writing, and the parties shall then endeavor to meet and confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, plaintiff, within 30 days of the conclusion of the meet and confer, may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court. Failure to comply with the deadline in this paragraph shall constitute abandonment of plaintiff's right to object or move.

15. Plaintiff's attorney shall not disclose the Confidential Material to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation, evaluation or presentation of plaintiff's case in this Action, to those individuals described in subparagraphs (b) below.

    b. Disclosure before trial may be made only to a party; to an expert who has been retained or specially employed by plaintiff's attorney with respect to this Action; to a witness in preparation for testimony at a deposition or trial; to a witness, court reporter/stenographer and/or videographer at deposition or trial; or to the Court.

  c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order for review, and such person shall consent in writing, using the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the preparation, evaluation or presentation of this Action and not to further disclose the Confidential Material except in testimony taken in this Action. Plaintiff's attorney shall retain the signed consent form and furnish a copy to City Defendants' attorney upon request, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such consent form before it is produced.

16. Deposition testimony concerning any Confidential Material which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be deemed to be Confidential Material within the meaning of this Stipulation of Confidentiality and Protective Order.

17. If Confidential Material is used at a deposition, the parties may designate those deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 30 days after a deposition transcript has been received (during which time the entire deposition will be considered

Confidential Material), of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order. Failure to make such designations does not constitute a waiver of confidentiality.

18. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

19. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, but the confidential information is not material to issues addressed in court submissions, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

20. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material. Plaintiff agrees to meet and confer in good faith regarding the redaction of any Confidential Material that plaintiff may seek to enter into evidence at a court hearing or trial.

21. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom

Confidential Material is produced or disclosed. All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Material, including all conforming or non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to **paragraph 14** subsection (b) herein, for any purpose.

22. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to City Defendants' attorneys or, upon City Defendants' attorneys' consent, destroyed; except that plaintiff's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing plaintiff's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by plaintiff's attorney in the same manner as described in this paragraph.

23. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

24. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their attorney(s).

26. This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned or signed pursuant to Rule 5 of the signatories shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

27. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit City Defendants' use of the Confidential Material for any other purpose.

Dated: New York, New York

May 26, 2023

| | |
|---|---|
| EUGENE M. BELLIN<br>Michelstein & Ashman, PLLC<br>485 Madison Avenue, FL 16<br>New York, N.Y. 10022-5865<br>Phone: (212) 267-9100 | HON. SYLVIA RADIX-HINDS<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for City Defendants*<br>100 Church Street, Room 3-213<br>New York, New York 10007 |
| By: *Eugene M. Bellin*<br>Eugene M. Bellin | By: *Felix De Jesus*<br>Felix De Jesus<br>*Assistant Corporation Counsel* |

SO ORDERED:

_____
COLLEEN MCMAHON
UNITED STATES JUDGE

Dated: June 13, 2023

## THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

11

# EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated _____, entered into the Action entitled <u>Edwin Nunez v. City of New York, et al.</u>, 22-CV-09428 (CM), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: _____  Signature: _____

Print Name: _____

Occupation: _____